UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KHOR C. LIM,<br>Plaintiff,<br>-against-<br>TONY EVERS, ET AL.,<br>Defendants. | 26-CV-5961 (LTS)<br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who appears to be a patient at the Sand Ridge Secure Treatment Center in Mauston, Juneau County, Wisconsin, brings this *pro se* action, alleging that Defendants violated his rights. He sues dozens of defendants, most of whom appear to reside in Wisconsin. For the following reasons, this action is transferred to the United States District Court for the Western District of Wisconsin.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff does not allege the residence of all Defendants, but he provides Wisconsin addresses for most of them. Because Plaintiff does not allege that all defendants reside in the State of New York, venue is not proper in this district under Section 1391(b)(1).

Although Plaintiff's submissions are confusing, the allegations in the complaint and in his various motions, declarations, and memoranda suggest that his claims arise in connection with his confinement at the Sand Ridge Secure Treatment Center in Mauston, Juneau County, Wisconsin. Juneau Couty is located in the Western District of Wisconsin. *See* 28 U.S.C. § 130(b). As far as the Court can discern, nothing in Plaintiff's submissions suggests that any of the events giving rise to his claims occurred in this district. Because the events giving rise to Plaintiff's claims occurred in Juneau County, Wisconsin, venue is proper under Section 1391(b)(2) in the Western District of Wisconsin.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue could be proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Juneau County, Wisconsin, where Plaintiff is confined and where he alleges that many of the defendants reside. It therefore is reasonable to expect that relevant documents and witnesses also would be in Juneau County, Wisconsin. The Western District of Wisconsin appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Western District of Wisconsin. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

**CONCLUSION**

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of Wisconsin. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Decisions on Plaintiff's requests for preliminary injunctive relief are also reserved for the transferee court. Summonses shall not issue from this court. This order closes this case in this court. The Court directs the Clerk of Court to terminate all pending motions on this court's docket.

Because Plaintiff seeks emergency relief, the Court further directs the Clerk of Court to transfer this action to the District Court for the Western District of Wisconsin immediately upon entry of this order; the Court waives the seven-day waiting period contained in Local Civil Rule 83.1.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 7, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge